## NEGRO DICK v. BETSY GIBBINS and JOSIAH GIBBINS.

Court of Common Pleas.   Sussex.   April 30, 1799.

*Wilson's Red Book, 234.*

*Ridgely, Bayard* and *Wilson* for petitioner.   *Hall* and *Vining* for defendants.

Evidence that four or five years ago Joshua Gibbins, father of defendants, thought himself about to die and made a verbal will and required witnesses to take notice and prove the same. He then called his slave, Dick, aforesaid, and asked him if he would be faithful and serve his children one year;  Dick promised he would be faithful.   He took the Negro by the hand and said, "You are to be free after serving my children one year."   He recovered from this illness and afterwards made a written will, in which Dick is not mentioned.   At the writing of it, he told the scrivener that Dick should not serve any of his children, that after making one crop he was free, or to be free.   He lived three years after this and died a year ago without altering said written will.   Many of his other declarations were proved, as that Dick should never serve any of his children, that he had told Dick he should be free at such a time, or at his death, if he died sooner.   Defendants proved that just before he died he said he had thoughts of freeing the Negro.

There was evidence that the Negro was confined by and rescued from foreigners who had him tied in a boat in this county then bound to Georgia;  but the evidence did not prove a sale by defendants and was therefore not much relied on.

*Bayard, Ridgely* and *Wilson.*   There is in this case a complete and express contract proved.   Every ingredient necessary to a contract is in evidence;  here were parties capable;  here was not barely a tacit, but an assent expressed by both parties, and

a right dissolved on one part and constituted on the other, Pow. Con. 7, 131. This was an executed contract, though to take effect in future, *idem* 234, *viz,* in one year after the death of Joshua Gibbins, which has expired. No change of mind of the master could after this affect the Negro's right.

*Hall* and *Vining* contended it was only a nuncupative will, which never took effect. That Joshua Gibbins understood it so from his after declarations. Such proof is too uncertain, and the precedent dangerous; the addition of a word might alter the case, and it is not likely those witnesses should remember the very expressions.

PER CURIAM. We think this Negro is entitled to his freedom according to the verbal manumission of Joshua Gibbins, his late master.

## BURTON ROBINSON v. ANTHONY INGRAM.

Court of Common Pleas. Sussex. April 30, 1799.

*Wilson's Red Book, 236.*

*Bayard* for plaintiff moved a continuance of the cause for non-attendance of surveyor who laid down pretensions; the warrant directed to him, and which has been returned with his plots, was a sufficient warning to him to attend the court, whose officer he is in this respect.

*Wilson.* The direction in the warrant is to survey and return plots together with the sheriff; he attended with the sheriff, has made the survey and duly made his return under his hand and seal, together with the plots; he has done all that was required of him by the warrant, all that he is entitled to compensation for. To be a witness is a distinct duty, and for this purpose a subpœna should issue, which has been done in many cases. This plot, considering it a return of an officer, is evidence without his oath. The times of his attendance not being directed, would be extremely uncertain and inconvenient in practice.